JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant State of Ohio ("state") appeals the decision of the Cuyahoga County Court of Common Pleas which granted defendant-appellee Kwei L. Tschen's ("appellee") motion for expungement and to seal the record. For the reasons stated below, we affirm in part, reverse in part, and remand.
 {¶ 2} On or about March 22, 1999, appellee was indicted on two counts of burglary, one count of attempted burglary, and one count of theft. On May 18, 1999, appellee pled guilty to an amended count of attempted burglary, in violation of R.C. 2911.12
and 2923.02. The trial court imposed a term of one-year community control sanctions and ordered appellee to complete 50 hours of community service, continue counseling, and pay court costs and probation fees.
 {¶ 3} On February 12, 2003, appellee filed a motion to seal the record of conviction, pursuant to R.C. 2953.32. On April 23, 2003, the state filed its opposition. On June 26, 2003, the trial court, without hearing, granted appellee's motion.
 {¶ 4} The state timely appealed and advances two assignments of error for our review. We elect to review the second assignment of error first.
 I {¶ 5} In its second assignment of error, the state argues that "a trial court errs in granting a motion to seal the record when it is without jurisdiction to grant said motion to an applicant who was convicted of a crime of violence, not allowed by R.C. 2953.36." For the reasons stated below, the state's second assignment of error is overruled.
 {¶ 6} The state argues that attempted burglary is a violent offense pursuant to R.C. 2901.01(A)(9)(a). That section reads, in relevant part, that an "`offense of violence' means any of the following: a violation of * * * division (A)(1), (2), or (3) of section 2911.12 * * *." Appellee, however, argues that because the Ohio legislature elected not to label each section of R.C.2911.12 a violent offense, a factual determination needs to be conducted by the trial court to determine if, in fact, the circumstances of the offense fit under either R.C. 2911.12(A)(1), (2), or (3). We agree with appellee.
 {¶ 7} The facts of this case, as presented through the indictment and bill of particulars, do not establish whether appellee pled guilty to R.C. 2911.12(1), (2), (3), or (4). Without knowing the specific facts of this case, we cannot say the trial court was without jurisdiction to consider the sealment of appellee's record.
 {¶ 8} The state's second assignment of error is overruled.
 II {¶ 9} Returning to the first assignment of error, the state argues that "a trial court errs in ruling on a motion for expungement filed pursuant to R.C. 2953.32 without first holding a hearing. (R.C. 2953.32(B); State v. Hamilton (1996),75 Ohio St.3d 363 [sic], State v. Saltzer (1984), 14 Ohio App.3d 394, followed." We agree.
 {¶ 10} R.C. 2953.32(B) provides in part: "Upon the filing of an application under § 2953.32(B), the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application." Further, in State v. Hamilton
(1996), 75 Ohio St.3d 636, the Supreme Court of Ohio held that "it is apparent from a study of R.C. 2953.32 that the essential purpose of an expungement hearing is to provide a reviewing court with all relevant information bearing on an applicant's eligibility for expungement."
 {¶ 11} Our review of the record reveals that the trial court failed to hold a hearing prior to its granting of appellee's motions.[1] We are therefore compelled to reverse in order for the trial court to hold a hearing pursuant to R.C.2953.32(B). If the trial court determines appellee's actions did not constitute a violent offense, it is certainly within the purview of the court to grant appellee's motion for expungement.
 {¶ 12} The state's first assignment of error is granted.
 {¶ 13} Judgment reversed in part, affirmed in part, and remanded.
Frank D. Celebrezze, JR., P.J., and James J. Sweeney, J., concur.
It is ordered that appellee and appellant equally share the costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. Case remanded to the trial court for further proceedings consistent with this opinion.
[1] Appellee concedes that the court erred by failing to hold a hearing.