THE STATE EX REL. ROSS, APPELLANT, *v.* THE STATE OF OHIO, APPELLEE.

[Cite as *State ex rel. Ross v. State,*
102 Ohio St.3d 73, 2004-Ohio-1827.]

(No. 2003–1891—Submitted March 31, 2004—Decided April 28, 2004.)

**Per Curiam.**

{¶ 1} In November 1996, the Mahoning County Court of Common Pleas convicted appellant, Lawrence Ross, of aggravated murder, aggravated burglary, having weapons while under disability, and accompanying firearm specifications, and sentenced him to prison. On appeal, the court of appeals affirmed the judgment of the trial court. *State v. Ross* (Oct. 12, 1999), Mahoning App. Nos. 96 CA 247 and 96 CA 251, 1999 WL 826223.

{¶ 2} On August 15, 2003, Ross filed a complaint in the Court of Appeals for Mahoning County for a writ of mandamus to compel appellee, state of Ohio, to unseal a motion, which Ross had filed in November 1996, to dismiss his criminal charges for failing to comply with the R.C. 2945.71 speedy-trial requirements.

Ross further requested a writ compelling the trial court to issue findings of fact and conclusions of law for its November 1996 decision denying his motion to dismiss.

{¶ 3} On September 10, 2003, the court of appeals sua sponte dismissed Ross's complaint.

{¶ 4} In his appeal of right, Ross claims that the court of appeals erred in dismissing his mandamus claim. For the following reasons, Ross's claim lacks merit.

{¶ 5} First, Ross had an adequate legal remedy by appeal to raise his claims. Mandamus will not issue if there is a plain and adequate remedy in the ordinary course of law. *State ex rel. Fogle v. Carlisle*, 99 Ohio St.3d 46, 2003-Ohio-2460, 788 N.E.2d 1060, ¶ 9; R.C. 2731.05. Contentions concerning a trial court's failure to comply with the findings-of-fact requirement of Crim.R. 12(F) [1] are regularly addressed on appeal. See, e.g., *State v. Brown* (1992), 64 Ohio St.3d 476, 481, 597 N.E.2d 97; *Bryan v. Knapp* (1986), 21 Ohio St.3d 64, 21 OBR 363, 488 N.E.2d 142, syllabus. Similarly, rulings on motions concerning the sealing of records have been addressed on appeal. See, e.g., *State v. LaSalle*, 96 Ohio St.3d 178, 2002-Ohio-4009, 772 N.E.2d 1172; *State v. Tschen*, Cuyahoga App. No. 83246, 2004-Ohio-991, 2004 WL 396357.

{¶ 6} Second, "even if these [alternate] remedies are no longer available to [a relator], he is not thereby entitled to an extraordinary writ." *Jackson v. Wilson*, 100 Ohio St.3d 315, 2003-Ohio-6112, 798 N.E.2d 1086, ¶ 9.

{¶ 7} Third, insofar as Ross attempts to rely on new claims in this appeal, i.e., violation of the Public Records Act and ineffective assistance of counsel, he waived these issues by failing to raise them in the court of appeals. See, e.g., *State ex rel. Porter v. Cleveland Dept. of Pub. Safety* (1998), 84 Ohio St.3d 258, 259, 703 N.E.2d 308.

{¶ 8} Finally, although Ross sought the writ of mandamus to compel the Mahoning County Court of Common Pleas to perform certain actions, he failed to name the court as a respondent in his complaint. See *State ex rel. Keener v. Amberley* (1997), 80 Ohio St.3d 292, 293, 685 N.E.2d 1247.

{¶ 9} Therefore, the court of appeals properly dismissed Ross's complaint. We affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

---

1. Crim.R. 12(F) specifies, "Where factual issues are involved in determining a motion, the court shall state its essential findings on the record."

Lawrence Ross, pro se.

Paul J. Gains, Mahoning County Prosecuting Attorney, and Jason M. Katz, Assistant Prosecuting Attorney, for appellee.