OPINION
{¶ 1} On March 12, 2007, Relator Catherine Brady filed an application for writ of mandamus and an application for an alternative writ of mandamus against Judge Joseph J. Russo. In her application, Brady asked this court to order Judge Russo to rule on the motion to disqualify Assistant Cuyahoga County Prosecutor Brian McDonough; to rule on the motion to release grand jury transcript of proceeding; and to rule on the motion to vacate order granting new trial on the basis of double-jeopardy.[1] Thereafter, on March 13, 2007, Judge Russo, thru the Cuyahoga County Prosecutor's office filed a response to application for alternative writ and a motion to dismiss. This court denied Brady's application for alternative writ of mandamus on that same date. *Page 3 
 {¶ 2} On April 3, 2007, Brady requested leave to amend her complaint, which this court granted. Brady filed her amended complaint and her response to Judge Russo's motion to dismiss on April 5, 2007. In her amended complaint, Brady now asks this court to order Judge Russo to do the following:
 {¶ 3} 1). To compel the performance of the preexisting legal duty of Judge Russo to issue findings of fact and conclusions of law with emphasis on jurisdiction, res judicata, double jeopardy, and supporting authority in relation to defendant's motion for findings of fact and conclusions of law with emphasis on jurisdiction, res judicata, double jeopardy, and supporting authority filed on March 15, 2007 relating to the one line denial of defendant's motion to vacate order granting new trial on the basis of double jeopardy filed on March 12, 2007;
 {¶ 4} 2). To compel the performance of the preexisting legal duty of Judge Russo to issue findings of fact and conclusions of law on order denying motion to disqualify Assistant County Prosecutor Brian McDonough filed on March 15, 2007 relating to the one line denial of defendant's motion to disqualify Assistant County Prosecutor Brian McDonough filed on January 17, 2007;
 {¶ 5} 3). To compel the performance of the preexisting legal duty of Judge Russo to order the release the grand jury transcript transcribed on or about July 11, 2003;
 {¶ 6} 4). To compel the performance of the preexisting legal duty of Judge Russo to order Assistant County Prosecutor Gayl Berger to appear pursuant to the *Page 4 
defense Subpoena Duces Tecum issued on March 15, 2007 and produce and permit inspection, copying, testing or sampling of the VHS video tape obtained on July 15, 2005;
 {¶ 7} 5). To compel the performance of the preexisting legal duty of Judge Russo to issue an order that the underlying indictment filed July 11, 2003, is defective and void ab initio;
 {¶ 8} 6) To compel the performance of the preexisting legal duty of Judge Russo to issue an order that there is no subject matter jurisdiction in which to proceed for the reason that the State first defaulted on defendant's claim that the indictment was facially void on July 19, 2005 for failure to charge disorderly conduct;
 {¶ 9} 7) To compel the performance of the preexisting legal duty of Judge Russo to issue an order that there is no subject matter jurisdiction in which to proceed for the reason that the State first defaulted a second time on defendant's claim that the indictment was facially void for failure to charge disorderly conduct in brief of appellee filed by Assistant County Gayl Berger on April 17, 2006;
 {¶ 10} 8) To compel the performance of the pre-existing legal duty of Judge Russo to issue an order that there is no subject matter jurisdiction in which to proceed due to double jeopardy based on prosecutorial misconduct relating to insufficiency of the evidence;
 {¶ 11} 9) To compel the performance of the preexisting legal duty of Judge Russo to issue an order that the recusal by Judge Russo was illegal based upon *Page 5 
Superintendance Rule 36(B)(1) which prohibits recusal during the pendency of outstanding motions; and
 {¶ 12} 10) To compel the performance of the preexisting legal duty of Judge Russo to issue an order that the recusal by Judge Russo was illegal based upon Superintendence Rule 36(B)(1) which prohibits recusal where the Ohio Supreme Court had previously denied relator's affidavit of disqualification of Judge Joseph Russo on January 22, 2007.
 {¶ 13} Since the underlying matter of State v. Jackim, Cuyahoga County Court of Common Pleas, Case No. 439646 was reassigned from Judge Joseph Russo to Judge Dick Ambrose, this court, sua sponte, added Judge Ambrose as a party-respondent pursuant to Civ.R. 19(A). Thereafter, on May 14, 2007, Brady filed her brief in opposition to the motion to dismiss writ of mandamus. Additionally, pursuant to Brady's motion to substitute herself with Bruce Jackim, the defendant in the underlying matter ofState v. Jackim, supra, this court sua sponte converted the motion as a motion to add an indispensable party pursuant to Civ.R. 19(a) and granted Brady's motion. For the following reasons, we grant the motion to dismiss in part and deny the remainder of the petition due to the existence of adequate remedies at law.
 {¶ 14} In their motion to dismiss, respondents argue that Brady does not have standing to bring the matter. We agree. It is well settled that a person must be *Page 6 
beneficially interested in the case in order to bring a mandamus action.[2] To be beneficially interested, a party must be more than just concerned about an action's subject matter. Rather, that person must be in a position to sustain either a direct benefit or injury from the resolution of the case.[3]
 {¶ 15} In this matter, Brady is the counsel of record for Bruce Jackim in the underlying matter of State v. Jackim, supra. While Brady certainly possesses an interest in this matter, it is Jackim, and not Brady, who stands to benefit from the resolution of this mandamus action.
 {¶ 16} Additionally, while the Supreme Court of Ohio has recognized the "public action" exception to the foregoing general standard, we do not find that the issues sought to be litigated are of great importance and interest to the public that they may be resolved in a form of action that involves no rights or obligations peculiar to named parties.[4]
Accordingly, we find that Brady does not have standing to bring this mandamus action and grant respondent's motion to dismiss the mandamus action as to Brady.
 {¶ 17} As to Jackim's claims, the requisites for mandamus are well-established: (1) Jackim must have a clear legal right to the requested relief, (2) the *Page 7 
respondents must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused.[5] Furthermore, mandamus is not a substitute for appeal.[6] Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case.[7]
 {¶ 18} In his petition, Jackim asks this court to order respondents to issue findings of fact and conclusions of law pertaining to the various filed motions. However, an appeal is an adequate remedy, thereby precluding mandamus, for failing to provide findings for rulings on motions.[8] Furthermore, "Mandamus does not lie to challenge the validity or sufficiency of an indictment. Rather, [relator]'s remedy is by way of direct appeal."[9] *Page 8 
 {¶ 19} Jackim further asserts that the trial court does not have subject matter jurisdiction, "due to double-jeopardy based on prosecutorial misconduct relating to insufficiency of the evidence." Jackim, however, failed to establish that the lower court is patently and unambiguously without jurisdiction to proceed. Consequently, Jackim must raise this issue thru appeal.[10]
 {¶ 20} We further decline to issue a writ of mandamus to order Judge Russo to order Assistant County Prosecutor Gayl Berger to appear pursuant to the defense Subpoena Duces Tecum. If an individual refuses to comply with a subpoena, Jackim can file a motion for contempt pursuant to Crim.R. 17(g). A motion for contempt is an adequate remedy at law which precludes this court from issuing a writ.[11]
 {¶ 21} Finally, Jackim asks this court to order Judge Russo to issue an order that his recusal was illegal based upon Superintendence Rule 36(B)(1). A review of the lower court docket shows that Judge Russo did voluntarily recuse himself on March 21, 2007 and the matter was reassigned to Judge Dick Ambrose.
 {¶ 22} In this instance we find that Jackim failed to establish that Judge Russo has an absolute duty to find that his recusal violated Sup.R. 36(B)(1). Moreover, a judge's decision to voluntarily recuse him or herself is a matter of judicial discretion *Page 9 
which cannot be controlled thru mandamus. Additionally, Jackim has an adequate remedy thru appeal if he believes that this matter should not have been reassigned to Judge Ambrose.[12]
 {¶ 23} Accordingly, we grant the motion to dismiss in part and deny the remainder of the petition due to the existence of adequate remedies at law. Relator to pay costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
Complaint denied.
FRANK D. CELEBREZZE, JR., A.J., and KENNETH A. ROCCO, J., CONCUR
[1] On March 12, 2007, Judge Russo denied the motion to disqualify Assistant County Prosecutor Brian McDonough and the motion to vacate order granting new trial on the basis of double-jeopardy.
[2] State ex rel. Spencer v. East Liverpool Planning Comm'n,80 Ohio St.3d 297, 299, 1997 Ohio 77, 685 N.E.2d 1251.
[3] State ex rel. Village of Botkins v. Laws, 69 Ohio St.3d 383, 387,1994-Ohio-518, 632 N.E.2d 897.
[4] State ex rel. Ohio Academy of Trial Lawyers v. Sheward,86 Ohio St.3d 451, 1999-Ohio-123, 715 N.E.2d 1062.
[5] State ex rel. Ney v. Niehaus (1987), 33 Ohio St.3d 118,515 N.E.2d 914.
[6] State ex rel. Keenan v. Calabrese (1994), 69 Ohio St.3d 176,631 N.E.2d 119; State ex rel. Daggett v. Gessaman (1973), 34 Ohio St.2d 55,295 N.E.2d 659; and State ex rel. Pressley v. Industrial Commission ofOhio (1967), 11 Ohio St.2d 141, 228 N.E.2d 631, Paragraph Three of the Syllabus.
[7] State ex rel. Tommie Jerninghan v. Judge Patricia Gaughan (Sept. 26, 1994) Cuyahoga App. No. 67787.
[8] State ex rel. Ross v. State, 102 Ohio St.3d 73, 2004-Ohio-1827,806 N.E.2d 553; State v. Brown, 64 Ohio St.3d 476, 1992-Ohio-96,597 N.E.2d 97; City of Bryan v. Knapp (1986), 21 Ohio St.3d 64,488 N.E.2d 142.
[9] State ex rel. Bennett v. White, 93 Ohio St.3d 583, 2001-Ohio-1615,757 N.E.2d 364; State ex rel. Nelson v. Mason (Nov. 22, 2000), Cuyahoga App. No. 78709; State ex rel. Russo v. Patterson, Cuyahoga App. No. 83898, 2004-Ohio-1273, at P2. See also State ex rel. Hadlock v.McMackin (1991), 61 Ohio St.3d 433, 434, 575 N.E.2d 184.
[10] State ex rel. Rogers v. McGee Brown, 80 Ohio St.3d 408,1997-Ohio-334, 686 N.E.2d 1126.
[11] Cf State ex rel. Nationwide Mut. Ins. Co. v. Henson,96 Ohio St.3d 33, 2002-
[12] Coleman v. Baker Hostetler, LLP, et al., Cuyahoga App. No. 86361, 2006-Ohio-685. *Page 1