OPINION AND JOURNAL ENTRY
{¶ 1} On August 28, 2007, Relator, Lawrence Ross commenced this procedendo action against Respondent, Judge R. Scott Krichbaum, to compel the judge to issue findings of fact and conclusions of law from its denial of Relator's November 13 and 18, 1996 motion for speedy trial. On September 6, 2007, Respondent filed a combined answer and motion for judgment on the pleadings. For the reasons expressed below, Respondent's motion for judgment on the pleadings is hereby granted and Relator's writ is denied.
 {¶ 2} In order to be entitled to a writ of procedendo, Relator must establish a clear legal right to require Respondent to proceed, a clear legal duty on the part of Respondent to proceed, and the lack of an adequate remedy in the ordinary course of law. State ex rel. Weiss v.Hoover, 84 Ohio St.3d 530, 531-532, 1999-Ohio-422.
 {¶ 3} Relator is not entitled to a writ of procedendo for two reasons. First, the action is barred by res judicata. Second, even if the merits of the writ are addressed, there is an adequate remedy at law.
 RES JUDICATA {¶ 4} On August 15, 2003, Relator filed a writ of mandamus with this court seeking to compel the state to unseal Relator's November 1996 motion to dismiss based upon speedy trial violations and requested a writ compelling the trial court to issue findings of fact and conclusions of law for its November 1996 decision denying his motion to dismiss. On September 10, 2003, this court dismissed the writ. Relator appealed to the Ohio Supreme Court, State ex rel. Ross v. State,102 Ohio St.3d 73, 2004-Ohio-1827. The Ohio Supreme Court held that the writ of mandamus lacked merit because there was an adequate remedy at law. It stated that:
 {¶ 5} "Contentions concerning a trial court's failure to comply with the findings-of-fact requirement of Crim.R. 12(F) are regularly addressed on appeal. See, e.g., State v. Brown (1992),64 Ohio St.3d 476, 481; Bryan v. Knapp (1986), 21 Ohio St.3d 64, syllabus." Id. at ¶ 5. *Page 2 
 {¶ 6} As can be seen from the above, the issue presented in this case is the same exact issue that was previously before us, that was appealed to the Ohio Supreme Court and was subsequently found meritless by the Supreme Court. Res judicata, issue preclusion, serves to prevent relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies. Fort Frye Teachers Assn., OEA/NEA v. State Emp. RelationsBd., 81 Ohio St.3d 392, 395, 1998-Ohio-435. The fact that in the first writ Relator was seeking a writ of mandamus, and in the current writ Relator is seeking a writ of procedendo, does not affect the applicability of the res judicata doctrine. The Ohio Supreme Court has previously found that the doctrine of res judicata was applicable where a criminal defendant who had unsuccessfully sought a writ of mandamus compelling the trial judge to issue findings of fact and conclusions of law in connection with its denial of a motion for new trial later sought a writ of procedendo on the same issue. State ex rel. Collins v.Pokorny, 86 Ohio St.3d 70, 71, 1999-Ohio-343. Therefore, on the above basis, res judicata, issue preclusion, applies and bars this cause of action.
 ADEQUATE REMEDY AT LAW {¶ 7} However, even if the merits of this writ are addressed, the writ cannot be granted. As previously stated, procedendo is not appropriate when the party seeking the writ has an adequate remedy in the ordinary course of law, e.g., appeal. State ex rel. Bd. of State TeachersRetirement Sys. of Ohio v. Davis, 113 Ohio St.3d 410, 2007-Ohio-2205, ¶ 33, citing State ex rel. Non-Employees of Chateau Resident Assn. v.Kessler, 107 Ohio St.3d 197, 2005-Ohio-6182, ¶ 18. The Supreme Court pointed out in Ross that contentions that the trial court failed to comply with fact finding requirements are issues to be argued and resolved in a direct appeal. Ross, 102 Ohio St.3d 73, ¶ 5, citingBrown, 64 Ohio St.3d 476, 481 and Bryan, 21 Ohio St.3d 64. Thus, Relator had an adequate remedy at law through an appeal, and thus, is not entitled to a writ of procedendo. The fact that his alternative remedy may no longer be available to him does not entitle him to an extraordinary writ. Ross, 102 Ohio St.3d 73, ¶ 6, citing Jackson v.Wilson, 100 Ohio St.3d 315, 2003-Ohio-6112, ¶ 9. *Page 3 
 CONCLUSION {¶ 8} For the foregoing reasons, Respondent's motion for judgment on the pleadings is hereby granted. The writ is barred by res judicata or in the alternative, Relator is not entitled to the writ because there is an adequate remedy at law. Costs assessed against Relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
 Vukovich, J., concurs, Donofrio, J., concurs, DeGenaro, P.J., concurs. *Page 1