JOURNAL ENTRY AND OPINION
{¶ 1} On November 19, 2007, the relator, Sell Jefferson, commenced this mandamus action against the respondent, Judge Joseph Russo, to compel the judge to rule on his "Motion to Certify, That Defendant's life Sentence begin to run as of the date of the original confinement" (capitalization in the original), which Jefferson filed on February 22, 2007, in the underlying case, State v. Sell Jefferson, Cuyahoga County Common Pleas Court Case No. CR. 17177.[1] On December 12, 2007, the respondent judge, through the Cuyahoga County Prosecutor, moved for summary judgment on the grounds of mootness. Attached to the dispositive motion was a certified copy of a journal entry, file stamped November 21, 2007, in which the judge summarily overruled Jefferson's motion. On December 31, 2007, Jefferson filed a brief in opposition to the judge's motion for summary judgment. He argues that the judge is not entitled to summary judgment because the judge had the duty to provide findings of fact and conclusions of law in ruling on the subject motion and because the summary judgment motion was not supported by an affidavit. For the following *Page 3 
reasons, this court grants the motion for summary judgment and denies the application for a writ of procedendo.
 {¶ 2} The writ of procedendo is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. Yee v. Erie County Sheriff's Department (1990),51 Ohio St.3d 43, 553 N.E.2d 1354. Procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. State ex rel. Watkins v. Eighth District Court ofAppeals, 82 Ohio St.3d 532, 1998-Ohio-190, 696 N.E.2d 1079. However, the writ will not issue to control what the judgment should be, nor will it issue for the purpose of controlling or interfering with ordinary court procedure. Thus, procedendo will not lie to control the exercise of judicial discretion. Moreover, it will not issue when there is an adequate remedy at law. State ex rel. Utley v. Abruzzo (1985),17 Ohio St.3d 202, 478 N.E.2d 789 and State ex rel. Hansen v. Reed (1992),63 Ohio St.3d 597, 589 N.E.2d 1324.
 {¶ 3} In the present case the certified copy of the judge's journal entry establishes that the respondent has proceeded to judgment on the subject motion. Moreover, Jefferson has not established that he is entitled to findings of fact and conclusions of law. In his complaint for procedendo he asked only that the judge proceed to judgment on the subject motion; he did not specifically demand findings of fact and conclusions of law. Furthermore, in his brief in opposition he cited no authority for the proposition that the respondent has the duty to state findings of fact *Page 4 
and conclusions of law for this type of motion. Generally, findings of fact and conclusions of law are not required for ruling on a motion other than an authentic postconviction relief petition under R.C.2953.21. State ex rel. Richardson v. Judge Frank D. Celebrezze, Jr.
(Nov. 26, 1997), Cuyahga App. No. 72466. Cf. State ex rel. Lacavera v.Cuyahoga County Common Pleas Court (Mar. 2, 2000), Cuyahoga App. No. 77359 — no duty to issue findings of fact and conclusions of law for a motion for reduction in sentence. Finally, an appeal is an adequate remedy, thereby precluding procedendo, for failing to provide findings of fact and conclusions of law for rulings on motions. State ex rel.Brady v. Judge Joseph J. Russo, Cuyahoga App. No. 89552, 2007-Ohio-3277;State ex rel. Ross v. State, 102 Ohio St.3d 73, 2004-Ohio-1827,806 N.E.2d 553; State v. Brown, 64 Ohio St.3d 476, 1992-Ohio-96,597 N.E.2d 97; and City of Bryan v. Knapp (1986), 21 Ohio St.3d 64,488 N.E.2d 1242.
 {¶ 4} Accordingly, because the judge has proceeded to judgment on the subject motion and Jefferson has not established the duty for findings of fact and conclusions of law for this motion, this court grants the judge's motion for summary judgment and denies the application for a writ of procedendo. Each side to pay its own costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
 CHRISTINE T. McMONAGLE, JUDGE *Page 5 
SEAN C. GALLAGHER, P.J., and ANN DYKE, J., CONCUR
[1] In the underlying case Jefferson was charged with murder and aggravated robbery. In May 1975, a jury found him guilty of aggravated robbery, for which the court sentenced him to 7-25 years imprisonment, but the jury deadlocked on the murder charge. In a second trial in July 1975, the jury found him guilty of murder, and the court sentenced him to life imprisonment. However, the murder sentence was not communicated to the Ohio Department of Rehabilitation and Corrections. Thus, Jefferson obtained his final release on the robbery charge in 1982 and was released from prison and parole. In 1985 the prosecutor had the court effect the life sentence for murder, and Jefferson started serving that sentence then. The ODRC will not give him credit for time served on the robbery charge for purposes of parole. Since then Jefferson has tried to have his murder sentence begin in 1975, but without success. The subject motion is his latest attempt. *Page 1