[Cite as *State v. Ross*, 2012-Ohio-2433.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

STATE OF OHIO,                              )
                                            )
    PLAINTIFF-APPELLEE,                     )
                                            )
V.                                          )          CASE NO. 11-MA-32
                                            )
LAWRENCE EDWARD ROSS,                       )            OPINION
                                            )
    DEFENDANT-APPELLANT.                    )

CHARACTER OF PROCEEDINGS:        Criminal Appeal from Court of Common Pleas of Mahoning County, Ohio Case No. 96CR192

JUDGMENT:        Affirmed

APPEARANCES:
For Plaintiff-Appellee        Paul Gains
Prosecutor
Ralph M. Rivera
Assistant Prosecutor
21 W. Boardman St., 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant        Lawrence E. Ross, Pro-se
Lake Erie Correctional Institution
P.O. Box 8000
501 Thompson Road
Conneaut, Ohio 44030

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

Dated: May 31, 2012

DONOFRIO, J.

{¶1} Defendant-appellant, Lawrence Ross, appeals from a Mahoning County Common Pleas Court judgment overruling his petition for a resentencing hearing, overruling his objection in opposition for a resentencing hearing, and overruling his a "motion for hearing on pretrial motion to dismiss speedy trial delay in trial."

{¶2} The facts of this case as set out in appellant's direct appeal are as follows:

> This appeal stems from an incident which occurred on February 5, 1996, at approximately 9:00 p.m. Mark Brown was at his northside home in Youngstown, Ohio, along with his fiancé, Regina Thomas. Also present in the home were Regina Thomas' two younger brothers, fifteen year old Frank Teemer and eleven year old Rance Teemer, and Thomas' son, seven year old William Thomas. Mark Brown's son, eleven year old Mark Brown, Jr., was also at the home.

> Appellant, along with three other men, broke down the front door to the home and entered yelling "police". Appellant was brandishing an assault rifle. Regina Thomas, Frank Teemer, and Mark Brown, Jr. were forced at gunpoint to lie face down on the floor. William Thomas and Rance Teemer, fled from the living room up the stairs to the bedrooms to hide. Appellant and two of his accomplices went after Mark Brown who also had begun to run upstairs. As the three approached the top of the stairs, Mark Brown shoved appellant and one of the other accomplices against the wall and then fled back down the stairs. As Mark Brown was going back down the stairs, appellant fired two shots, one striking Brown in the arm. Brown made it out the front door and to the front lawn. Appellant pursued Brown and shot him in the back as he tried to run away.

> Robert Maravola, a neighbor, saw appellant shoot Brown and saw Brown stumble and collapse. Maravola called 911, then ran outside with a gun and appellant and his three accomplices fled the scene.

Maravola ran up to where Brown was lying. Maravola asked Brown, "Who did this to you?" Brown responded that it was appellant. Brown told Maravola, "I'm not going to make it. Go check on my boys. Go make sure my kids are okay."

Officer David Ellis of the Youngstown Police Department responded to the scene and went to Brown. He asked Brown who had shot him. Again, Brown indicated that it was appellant. Brown also told Officer Ellis, "I'm not going to make it." Brown died shortly thereafter.

On March 22, 1996, a Mahoning County Grand Jury indicted appellant on one count of aggravated murder with a death specification, one count of aggravated burglary, and one count of having weapons while under disability. Each count carried a firearm specification. *State v. Brown*, 7th Dist. Nos. 96 C.A. 247, 96 C.A. 251, 1999 WL 826223, *1 (Oct. 12, 1999).

{¶3}   The case went to a jury trial on the first two counts where the jury found appellant guilty of aggravated murder and aggravated burglary along with the firearm specifications.  The trial court, on the jury's recommendation, sentenced appellant to life in prison with parole eligibility after 30 years.  The case went to a bench trial on the having weapons under disability count where the court found him guilty.  The court sentenced appellant to an indefinite term of three to five years on this count.

{¶4}   Following his direct appeal, appellant filed several petitions asking that we compel the trial court to perform various acts.  See *State ex rel. Ross v. Krichbaum*, 7th Dist. No. 07-MA-151, 2007-Ohio-7198, affirmed by *State ex rel. Ross v. State*, 102 Ohio St.3d 73, 2004-Ohio-1827, 806 N.E.2d 553; *State ex rel. Ross v. Krichbaum*, 7th Dist. No. 09-MA-142, 2009-Ohio-5514, dismissed by *State ex rel. Ross v. Krichbaum*, 124 Ohio St.3d 1436, 2010-Ohio-187, 920 N.E.2d 368; *State ex rel. Ross v. Krichbaum*, 7th Dist. No. 11-MA-89 (dismissed as moot).

{¶5}   In the meantime, appellant filed various pro se motions with the trial court including a "Petition for a Resentencing Hearing pursuant to O.R.C.

2929.19(B)(3)," an "Objection in Opposition for a Resentencing Hearing," and a "Motion for Hearing on Pretrial Motion to Dismiss Speedy Trial Delay in Trial pursuant to O.R.C. 2945.73."

{¶6} The trial court held a hearing on appellant's motions. It made the following rulings.

{¶7} As to appellant's petition for a resentencing hearing, the court found that because appellant committed his crimes prior to the effective date of Senate Bill 2, he was not entitled to be advised of mandatory postrelease control as requested in his motion. Instead, the court found that appellant was subject to pre-Senate Bill 2 law, which required the imposition of an indeterminate prison term and rendered appellant subject to release from prison on parole as set forth by law and within the defined discretion of the parole board. Thus, the court overruled appellant's petition for a resentencing hearing.

{¶8} As to appellant's objection in opposition for a resentencing hearing, the court found that appellant's original sentencing entry complied with *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163 (holding that a judgment of conviction is a final, appealable order and complies with Crim.R. 32(C) when it contains the plea, jury verdict, or finding by the court upon which the conviction is based; the sentence; the judge's signature; and entry on the journal by the clerk of courts). This was because the judgment entry clearly set forth the court's verdict of conviction on count three after a bench trial and referred to the other convictions being imposed upon the recommendation of the jury. Nonetheless, the court stated that pursuant to *State ex rel. DeWine v. Burge*, 128 Ohio St.3d 236, 2011-Ohio-235, 943 N.E.2d 535 (stating that the remedy for a failure to comply with Crim.R. 32(C) is a revised sentencing entry rather than a new hearing), it filed a nunc pro tunc judgment entry of sentence to clarify what actually occurred at appellant's sentencing.

{¶9} Finally, as to appellant's motion for hearing on pretrial motion to dismiss speedy trial delay in trial, the court found that appellant raised the issue during trial

and the court overruled it. And the court noted that appellant failed to raise any speedy trial issues in his direct appeal. For these reasons, the court overruled appellant's motion for hearing on pretrial motion to dismiss speedy trial delay in trial.

{¶10} Appellant filed a timely notice of appeal on February 28, 2011.

{¶11} Appellant, still acting pro se, raises five assignments of error, the first of which states:

THE TRIAL COURT ABUSED ITS DISCRETION FOR FAILURE TO REPLACE AND APPOINT LEAD COUNSEL WHO WITHDREW FROM THE CASE THAT VIOLATED APPELLANT LAWRENCE E. ROSS' SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF LEAD COUNSEL UNDER SUP.R. 20 OF THE UNITED STATES CONSTITUTION AND ARTICLE I, §10 OF THE OHIO CONSTITUTION TO ASSIST CO-COUNSEL ON VARIOUS MOTIONS DURING A POST RELEASE CONTROL RE SENTENCING[sic.] HEARING REVIEW AS THE RE SENTENCING [sic.] HEARING WAS A CRITICAL STAGE OF THE PROCEEDINGS WHERE THE RIGHT TO LEAD COUNSEL AND CO COUNSEL ATTACHED AS THE CASE WAS FORMERLY TRIED UNDER A CAPITAL OFFENSE WHERE THE DEATH SPECIFICATION ATTACHED.

{¶12} After appellant was indicted on a capital charge and found by the court to be indigent, the court appointed him two attorneys in compliance with Sup.R. 20(I)(C), which provides that in capital cases, "[i]f the defendant is entitled to the appointment of counsel, the court shall appoint two attorneys certified pursuant to Sup. R. 20 through 20.05." The court appointed Attorney James Gentile as lead counsel and Attorney James Wise as co-counsel. They represented appellant during his trial.

{¶13} After appellant filed his pro se motion requesting resentencing for an alleged failure to impose a mandatory postrelease control term, the trial court set the

matter for a hearing. Two days before the motion hearing, Atty. Gentile filed a motion to withdraw although it is not clear that Atty. Gentile was still representing appellant at that time. Appellant appeared at the hearing with Atty. Wise where Atty. Wise informed the court that he had just been contacted and was not prepared to go forward with appellant's pro se motion. Consequently, the court appointed Atty. Wise to represent appellant on this motion and continued the matter for several days so that Atty. Wise could prepare.

**{¶14}** Appellant argues in this assignment of error that the trial court erred in not appointing him two attorneys on his motion because this was a capital case.

**{¶15}** Sup.R. 20(II)(B) governs the appointment of appellate counsel for indigent defendants in capital cases. It provides, in pertinent part: "At least two attorneys shall be appointed by the court to appeal cases *where the trial court has imposed the death penalty* on an indigent defendant." (Emphasis added.) Sup.R. 20(II)(B). The way the Rule is worded leads to the conclusion that if the trial court has not imposed the death penalty, two attorneys need not be appointed for the appeal. In other words, if the indigent defendant is sentenced to a prison term instead of to the death penalty, the court need only appoint one attorney to handle the defendant's appeal.

**{¶16}** Furthermore, this current appeal is not even appellant's direct appeal from his conviction. Instead, it is an appeal from the judgment on several of his miscellaneous motions.

**{¶17}** As such, appellant was not entitled to have two attorneys appointed for this appeal. Accordingly, appellant's first assignment of error is without merit.

**{¶18}** Appellant's second assignment of error states:

APPELLANT LAWRENCE E. ROSS HAS A DUE PROCESS AND EQUAL PROTECTION OF THE LAW UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION TO HAVE THE IMPOSITION OF A MANDATORY 5 YEAR PERIOD OF POST RELEASE CONTROL ADVISEMENT AS

MAY BE IMPOSED TO HIS AGGRAVATED BURGLARY COUNT DESPITE HIS OFFENSE BEING COMMITTED PRIOR TO SENATE BILL 2 BUT SENTENCE THEREAFTER AS NOT DETAILED IN STATE V. FISCHER.

**{¶19}** Appellant's crimes were committed on February 5, 1996. Senate Bill 2, the "truth in sentencing" bill became effective on July 1, 1996. Senate Bill 2 amended Ohio's felony sentencing scheme. Appellant was sentenced on November 15, 1996.

**{¶20}** Appellant asserts here that he was subject to the post-Senate Bill 2 sentencing laws. Therefore, he contends that the trial court erred in failing to notify him of a mandatory term of postrelease control on his aggravated burglary sentence. Consequently, he contends that we should remand his case to the trial court for a de novo sentencing hearing.

**{¶21}** R.C. 2967.021 provides:

(A) *Chapter 2967. of the Revised Code* [dealing with parole], *as it existed prior to July 1, 1996, applies to* a person upon whom a court imposed a term of imprisonment prior to July 1, 1996, and *a person upon whom a court, on or after July 1, 1996, and in accordance with law existing prior to July 1, 1996, imposed a term of imprisonment for an offense that was committed prior to July 1, 1996*.

(B) Chapter 2967. of the Revised Code, as it exists on and after July 1, 1996, applies to a person upon whom a court imposed a stated prison term for an offense committed on or after July 1, 1996.

(Emphasis added.)

**{¶22}** Furthermore, "[p]ostrelease control was enacted as part of Senate Bill 2 and applies to crimes committed after July 1, 1996." *State v. Staffrey*, 7th Dist. Nos. 10-MA-130, 10-MA-131, 2011-Ohio-5760, ¶26 citing *State v. Rush*, 83 Ohio St.3d 83,

53, 54, 697 N.E.2d 634 (1998). "[P]ost-release control does not apply to pre-Am.Sub.S.B. No. 2 sentences for crimes committed on or before July 1, 1996 as post-release control did not exist prior to July 1, 1996." *State v. Gavin*, 8th Dist. No. 90017, 2008-Ohio-2042, ¶11.

**{¶23}** Because postrelease control does not apply to appellant's February 1996 crimes, he was not entitled to a notification of postrelease control. Accordingly, appellant's second assignment of error is without merit.

**{¶24}** Appellant's third assignment of error states:

APPELLANT LAWRENCE E. ROSS' SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE UNITED STATES AND UNDER ARTICLE I, §10 OF THE OHIO CONSTITUTION WAS VIOLATED DURING HIS RE SENTENCING [sic.] HEARING FOR COUNSEL'S FAILURE TO CHALLENGE THE INSUFFICIENCY OF THE JOURNAL ENTRY THAT DID NOT COMPLY WITH CRIM.R. 32(A) AND THE DICTATES OF STATE V. BAKER FOR FAILURE TO STATE THE JURY'S VERDICT AND OR FINDINGS TO BECOME A FINAL APPEALABLE ORDER.

**{¶25}** Appellant argues that his original sentencing entry did not comply with *Baker*, 119 Ohio St.3d 197, because it did not contain the jury's finding of guilty. He acknowledges that the court issued a nunc pro tunc entry following the January 26, 2011 hearing. However, he argues that he should have been provided with an opportunity to be heard before the court issued the nunc pro tunc entry.

**{¶26}** Appellant further asserts that his counsel was ineffective at the January 26, 2011 hearing because he did not argue that the original sentencing judgment entry did not comply with *Baker*. Had counsel made such an argument, appellant contends, his sentence would have been otherwise.

**{¶27}** To prove an allegation of ineffective assistance of counsel, the appellant must satisfy a two-prong test. First, appellant must establish that counsel's

performance has fallen below an objective standard of reasonable representation. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the syllabus. Second, appellant must demonstrate that he was prejudiced by counsel's performance. *Id.* To show that he has been prejudiced by counsel's deficient performance, appellant must prove that, but for counsel's errors, the result of the trial would have been different. *Bradley*, paragraph three of the syllabus.

**{¶28}** Appellant bears the burden of proof on the issue of counsel's effectiveness. *State v. Calhoun*, 86 Ohio St.3d 279, 289, 714 N.E.2d 905 (1999). In Ohio, a licensed attorney is presumed competent *Id.*

**{¶29}** *Baker* held that a judgment of conviction is not a final, appealable order unless it sets forth "(1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." *Id.* at the syllabus; Crim.R. 32(C). *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio5204, 958 N.E.2d 142, later modified *Baker* by holding that a judgment of conviction need not state the manner of conviction, a plea or a verdict, in order to be a final, appealable order. Instead, the judgment need only set forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp by the clerk. *Id.*

**{¶30}** Appellant's original sentencing entry failed to set forth the fact of appellant's conviction on the aggravated murder and aggravated burglary counts and the accompanying firearm specifications. It simply stated that the jury recommended a sentence of life in prison with parole eligibility after 30 years. Thus, the original entry did not comply with *Baker/Lester* or Crim.R. 32(C).

**{¶31}** But the trial court's nunc pro tunc entry corrected the sentencing entry. The remedy for a sentencing entry that does not comply with Crim.R. 32(C) is a revised sentencing entry, not a new sentencing hearing. *State ex rel. DeWine v. Burge*, 128 Ohio St.3d 236, 2011-Ohio-235, 943 N.E.2d 535, ¶18, citing *State ex rel. Alicea v. Krichbaum*, 126 Ohio St.3d 194, 2010-Ohio-3234, 931 N.E.2d 1079, ¶2.

{¶32} In this case, the trial court issued a nunc pro tunc sentencing entry that complied with Crim.R. 32(C) by setting out the fact and manner of the conviction along with the other requirements. A defendant is entitled to a sentencing entry that complies with Crim.R. 32(C). *DeWine*, at ¶18, citing, *State ex rel. Culgan v. Medina Cty. Court of Common Pleas*, 119 Ohio St.3d 535, 2008-Ohio-4609, 895 N.E.2d 805, ¶10-11. Appellant now has such an entry.

{¶33} For these reasons, appellant's counsel was not ineffective for failing to make an argument regarding his sentence. Furthermore, appellant was not entitled to make an argument on his own behalf as to his sentence.

{¶34} Accordingly, appellant's third assignment of error is without merit.

{¶35} Appellant's fourth and fifth assignments of error share a common legal basis. Therefore, we will address them together. They state:

> APPELLANT MR. LAWRENCE E. ROSS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL PROTECTED UNDER THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, §10 OF THE OHIO COUNSEL'S FAILURE TO PREPARE A DEFENSE THAT THE TRIAL COURT RETAINED LIMITED JURISDICTION TO RECONSIDER ITS FINDINGS DENYING APPELLANT'S TIMELY ORAL SPEEDY TRIAL MOTION FOR DISCHARGE FOR FAILURE TO BRING HIM TO TRIAL UNDER AN AGREED CONDITIONAL WAIVER ENTERED ON MAY 7TH 1996 UNTIL OCTOBER 7TH 1996 THAT WAS NEVER JOURNALIZED IN A JUDGMENT ENTRY TO BECOME A FINAL APPEALABLE ORDER.

> APPELLANT LAWRENCE E. ROSS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL PROTECTED UNDER THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, §10 OF THE OHIO CONSTITUTION WAS VIOLATED DURING A DISCRETIONARY HEARING FOR COUNSEL'S FAILURE TO CHALLENGE THAT APPELLANT WAS NOT BROUGHT TO TRIAL

UNDER A WRITTEN AGREEMENT OF A CONDITIONAL WAIVER OF HIS SPEEDY TRIAL RIGHTS THAT HE WAIVED ON MAY 7TH 1996 UNTIL OCTOBER 7TH 1996 THAT WAS NOT MADE KNOWINGLY, INTELLIGENTLY, OR VOLUNTARILY WHERE THE COURT CIRCUMVENTED THE SPIRIT OF THE STATUTE BY CONDUCTING VOIR DIRE WITHIN THE STATUTORY TIME LIMITS.

**{¶36}** Appellant argues that his counsel was ineffective at the January 26, 2011 hearing because counsel failed to argue that appellant's speedy trial rights were violated. He contends that because the trial court addressed this issue in its judgment entry, it "revived" the issue and made it ripe for appeal.

**{¶37}** In its judgment entry overruling appellant's motions, the trial court addressed appellant's speedy trial argument. However, the court concluded that appellant's motion for hearing on pretrial motion to dismiss speedy trial delay in trial was a nullity since appellant had waived any right to further contest speedy trial issues.

**{¶38}** Contrary to appellant's argument, his speedy trial claims are barred by the doctrine of res judicata.

> "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment."

*State v. Green*, 7th Dist. No. 10-MA-43, 2010-Ohio-6271, ¶26, quoting *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). The speedy trial issues appellant presents could have and should have been raised in his direct appeal.

{¶39} Accordingly, appellant's fourth and fifth assignments of error are without merit.

{¶40} For the reasons stated above, the trial court's judgment is hereby affirmed.

Vukovich, J., concurs.

Waite, P.J., concurs.