[Cite as *State ex rel. Nash v. Fuerst*, 2013-Ohio-592.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99027**

## STATE OF OHIO, EX-RELATOR, TIMOTHY M. NASH

RELATOR

vs.

## JUDGE NANCY FUERST

RESPONDENT

## JUDGMENT:
## WRIT DISMISSED

Writ of Mandamus
Motion No. 459783
Order No. 462281

**RELEASE DATE:** February 20, 2013

**RELATOR**

Timothy M. Nash
Inmate #631-040
Richland Correctional Institution
P.O. Box 8107
Mansfield, Ohio 44901

**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor
James E. Moss
Assistant County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY EILEEN KILBANE, J.:

{¶1} On October 5, 2012, the relator, Timothy Nash, commenced this mandamus action against the respondent, Judge Nancy Fuerst, to "order a reversal of process and proper procedure of motions and investigation of records by the defendant" in the two underlying cases, *State v. Nash*, Cuyahoga C.P. Nos. CR- 553521 and CR-556979. (Complaint, Demand for judgment.) Although at times Nash's filings are difficult to discern, it appears that he claims that the respondent judge did not rule on certain of his motions that would have been dispositive of his cases, that his right to represent himself was ignored, and that there were multiple, egregious improprieties relating to evidence and deprivation of rights that rendered his prosecution a sham. On October 29, 2012, the respondent judge, through the Cuyahoga County Prosecutor, filed a motion to dismiss, and Nash filed a response on November 6, 2012. Nash then filed his own motion for summary judgment on December 12, 2012, and a supplement on December 19, 2012. For the following reasons, this court grants the judge's motion to dismiss, denies Nash's motion for summary judgment, and dismisses the application for a writ of mandamus.

{¶2} An examination of the dockets in the underlying cases reveals the following. In Case No. CR-553521, the grand jury indicted Nash for (1) breaking and entering, (2) grand theft, (3) vandalism, and (4) possession of criminal tools. Nash

claims that he filed a motion to dismiss on September 14, 2011, which the docket shows as a "Request hearing for cause instanter." On October 17, 2011, the trial judge, who at that time was Judge Ronald Suster,[1] recognized that Nash would represent himself with a public defender to assist Nash, if Nash sought help. Nash also filed a demand for discharge on that day. The court set trial for December 14, 2011, but on that day the court continued the matter as a pretrial and continued the trial date. The docket states "at defendant's request." The court also noted that there was a new indictment against Nash. However, Nash insists that he was not present at these proceedings and did not consent to any continuances.[2]

{¶3} On March 28, 2012, a jury found Nash guilty of all counts in Case No. CR-553521. Subsequently, Nash filed several motions for discharge. On April 3, 2012, he filed a "complaint with evidence for administrative judge" and on April 17, 2012, he filed a "motion for judgment as a matter of law and evidence." The bases for these motions, which Nash jointly filed in both cases, were that the police and the prosecutor falsified evidence and reports, and that the proceedings were a sham because he was prevented from being present at court proceedings, especially on December 14, 2011, even though he was representing himself. He argues that this had the effect of suspending the Constitution as to him. In a June 19, 2012 journal entry, the trial judge

---

[1] The cases were reassigned to Judge Nancy Fuerst on June 8, 2012.

[2] Nash characterizes the action of continuing the proceedings at defendant's request without his being present as perjury and tampering with records and evidence.

denied the April 17, 2012 motion and also stated that Nash's April 2, 2012 pro se notice of total abrogation as counsel was treated as a motion to dismiss and was denied. On June 20, 2012, the trial judge denied Nash's pro se request for discharge and sentenced him to a total of 18 months of imprisonment in Case No. CR-553521. Nash appealed pro se, and that case is pending as *State v. Nash*, 8th Dist. No. 98658.

{¶4} In Case No. CR-556979 in December 2011, the grand jury indicted Nash for (1) breaking and entering, (2) theft, (3) vandalism, (4) disrupting public service, (5) possessing criminal tools, and (6) interfering with electric wires. In June 2012, the judge reiterated her denial of Nash's motion to dismiss for total abrogation of counsel, his request for discharge, and his April 17, 2012 motion for judgment as a matter of law and evidence in Case No. CR-556979. This case went to trial in late July 2012. The state dismissed Count 3, vandalism, and the court granted Nash's motion for acquittal on Count 1, breaking and entering, and Count 5, possessing criminal tools. The jury found him guilty of the remaining counts, and the judge sentence him to 12 months on Counts 2 and 4, and to six months on Count 6, which the judge ruled Nash had already served in the county jail. Nash tried to appeal this case, but this court dismissed the appeal as untimely. *State v. Nash*, 8th Dist. No. 98926 (Sep. 19, 2012).

{¶5} Nash now brings this mandamus action. He claims that the respondent judge did not answer his complaint, apparently of April 3, 2012, and did not issue findings of fact and conclusions of law on his motions. He claims this showed that these cases were sham because of falsification of evidence and failure to allow him to

represent himself by not having him present at pretrials, especially the December 14, 2011 trial date. He also claims that the respondent judge had the duty to dismiss all the counts in Case No. CR-556979, because the dismissal of Count 1, breaking and entering, meant that he could not be found guilty of the other counts.

{¶6} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 515 N.E.2d 914 (1987). Furthermore, mandamus is not a substitute for appeal. *State ex rel. Keenan v. Calabrese*, 69 Ohio St.3d 176, 631 N.E.2d 119 (1994); *State ex rel. Daggett v. Gessaman*, 34 Ohio St.2d 55, 295 N.E.2d 659 (1973); and *State ex rel. Pressley v. Indus. Comm. of Ohio*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph three of the syllabus. Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case. *State ex rel. Jerninghan v. Gaughan*, 8th Dist. No. 67787, 1994 Ohio App. LEXIS 6227 (Sept. 26, 1994). Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded. *State ex rel. Tran v. McGrath*, 78 Ohio St.3d 45, 1997-Ohio-245, 676 N.E.2d 108, and *State ex rel. Boardwalk Shopping Ctr., Inc. v. Court of Appeals for Cuyahoga Cty.*, 56 Ohio St.3d 33, 564 N.E.2d 86 (1990). Moreover, mandamus is an extraordinary remedy that is to be exercised with

caution and only when the right is clear.   It should not issue in doubtful cases.   *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 364 N.E.2d 1 (1977); *State ex rel. Shafer v. Ohio Turnpike Comm.*, 159 Ohio St. 581, 113 N.E.2d 14 (1953); and *State ex rel. Connole v. Cleveland Bd. of Edn.*, 87 Ohio App.3d 43, 621 N.E.2d 850 (8th Dist.1993).   Additionally, the court exercises discretion in ruling on mandamus actions.   *Pressley* at paragraph seven of the syllabus.

**{¶7}**   To the extent that Nash claims that the respondent judge did not rule on his various motions, this court concludes that the claim is not well founded.   In her June 19, 2012 order, the court explicitly ruled on the April 17, 2012 motion to dismiss based on alleged police improprieties and lack of evidence, and she denied his motion to dismiss based on abrogation of counsel. She also explicitly denied his request for discharge in a June 20, 2012 order.   These motions apparently contained the essence of his complaints, and she explicitly ruled on them, fulfilling her duty.

**{¶8}**   To the extent that there were motions that the trial judge did not explicitly resolve, they are deemed denied.   In *State ex rel. Harris v. Sheehan*, 8th Dist. No. 93516, 2009-Ohio-4196, the relator commenced a procedendo action to compel the judge to rule on various motions in a criminal case in which he had been found guilty and sentenced. This court dismissed the writ action as moot, because "[a]ny pending motions, upon disposition of the underlying criminal cases are 'deemed to be denied.'" *Harris* at ¶ 3. *Whitman v. Strickland Saffold*, 8th Dist. No. 94539, 2010-Ohio-2232.   Thus, Nash does not state a claim in mandamus to compel rulings on such motions.

**{¶9}** Nor has Nash established a clear legal right or a clear legal duty to have findings of fact and conclusions of law for his motions. He does not cite to any authority for such a proposition. Furthermore, findings of fact and conclusions of law generally are not required for ruling on a motion other than an authentic postconviction relief petition under R.C. 2953.21. *State ex rel. Jefferson v. Russo*, 8th Dist. No. 90682, 2008-Ohio-135, ¶ 3. Moreover, appeal is an adequate remedy at law to correct the error of failing to issue findings of fact and conclusions of law pertaining to motions. *State ex rel. Ross v. State of Ohio*, 102 Ohio St.3d 73, 2004-Ohio-1827, 806 N.E.2d 553; and *State ex rel. Brady v. Russo*, 8th Dist. No. 89552, 2007-Ohio-3277.

**{¶10}** Nash's other issues – his absences at hearings when he was representing himself; the falsification of police records, reports, and testimony; his lack of consent to continuances; the judge's failure to acquit him on the other charges after dismissing Count 1 in Case No. CR-556979; insufficiency of the evidence; and the judge's failure to investigate the evidence against Nash – are not resolvable through an extraordinary writ. Rather, the proper remedy is appeal on a full record. Appeal is the proper remedy to examine the propriety of evidence, the sufficiency of the evidence, and any errors relating to representation, constitutional rights, and continuances. An adequate remedy by appeal precludes the writ of mandamus. The opportunity to exercise an adequate remedy, even if it is not properly exercised, also precludes mandamus.

**{¶11}** To the extent that Nash seeks mandamus on some other grounds, this court declines to consider such issues because he neither articulated nor established a clear

legal right or a clear legal duty enforceable in mandamus.

{¶12} Accordingly, this court grants the respondent's motion to dismiss and dismisses this application for a writ of mandamus. Relator to pay costs. This court directs the clerk of court to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

_____

MARY EILEEN KILBANE, JUDGE

PATRICIA A. BLACKMON, P.J., and
LARRY A. JONES, SR., J., CONCUR