[Cite as *State ex rel. Nash v. Fuerst*, 2013-Ohio-3254.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 99839**

---

# STATE OF OHIO, EX REL. TIMOTHY M. NASH

RELATOR

vs.

# HONORABLE JUDGE NANCY FUERST

RESPONDENT

---

## JUDGMENT:
## WRIT DENIED

---

Writ of Mandamus
Motion Nos. 465359 and 465703
Order No. 466008

**RELEASE DATE:** July 19, 2013

**FOR RELATOR**

Timothy M. Nash, pro se
Inmate No. 631-040
Richland Correctional Institution
P.O. Box 8107
Mansfield, Ohio 44901


**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:   James E. Moss
Assistant County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN T. GALLAGHER, J.:

{¶1} Timothy M. Nash ("Nash") has petitioned this court for a writ of mandamus. Nash seeks an order from this court that requires Judge Nancy Fuerst to render rulings on "various motions and postconviction petitions" filed in Cuyahoga C.P. Nos. CR-556979 and CR-553521. Nash generally refers to summary judgment motions, postconviction petitions, and motions for jail time credit. More specifically, Nash has identified motions and/or petitions filed on October 25, 2012, November 8, 2012, and December 12, 2012.

{¶2} Judge Fuerst has filed a motion for summary judgment. Nash has filed documents styled "Summary Judgment as a Matter of Law, Instanter Per 2953.21, et seq." and "Supplemental Brief for Issuance"; both of which concern an alleged entitlement to 247 days of jail time credit in CR-556979. Judge Fuerst filed a brief in opposition citing the trial court's entry that was journalized in CR-556979 on August 6, 2012, which, among other things, ordered "jail credit from 11-28-11 to 8-1-11 = 247 days." For the reasons that follow, we grant Judge Fuerst's motion for summary judgment and deny Nash's motion for summary judgment.

{¶3} In CR-553521 and CR-556979, Nash filed motions for post conviction relief on November 8, 2012, and for summary judgment on December 7, 2012. Additionally, in CR-556979, Nash filed a motion for jail time credit on October 23, 2012. The trial court denied all of these motions in both cases by entries that were journalized on May 23, 2013. In CR-556979, the trial court additionally noted that Nash "was credited with his time served on 8/6/12." The trial court further indicated that "all remaining motions

are hereby rendered moot." The trial court issued detailed findings of fact and conclusions of law in both cases.

{¶4} Attached to Judge Fuerst's motion for summary judgment are copies of the entries journalized on May 23, 2013, which demonstrate that rulings have been rendered with regard to Nash's petitions for postconviction relief, motions for summary judgment, and his motion for jail time credit. Thus, Nash is not entitled to a writ of mandamus because it is moot. *State ex rel. Culgan v. Kimbler,* 132 Ohio St.3d 480, 2012-Ohio-3310, 974 N.E.2d 88 (a writ of mandamus will not issue to compel an act already performed); see also *State ex rel. Pettway v. Cuyahoga Cty. Court of Common Pleas*, 8th Dist. No. 99259, 2013-Ohio-1567, ¶ 2.

{¶5} To the extent Nash is seeking a writ of mandamus to compel an order for jail time credit from the trial court, "a claim for jail time credit is remediable in the ordinary course of the law by motion and appeal." *State ex rel. Franks v. Cosgrove, Judge*, 135 Ohio St.3d 249, 2013-Ohio-402, 985 N.E.2d 1264, ¶ 1. Mandamus is precluded if relator has an adequate remedy of law even if relator fails to use it. *State ex rel. Nash v. Fuerst,* 8th Dist. No. 99027, 2013-Ohio-592, ¶ 6, citing *State ex rel. Tran v. McGrath*, 78 Ohio St.3d 45, 1997-Ohio-245, 676 N.E.2d 108, and *State ex rel. Boardwalk Shopping Ctr., Inc. v. Court of Appeals for Cuyahoga Cty*., 56 Ohio St.3d 33, 564 N.E.2d 86 (1990).

{¶6} Accordingly, we grant Judge Fuerst's motion for summary judgment and deny Nash's motion for summary judgment. Relator to pay costs. The court directs the

clerk of court to serve all parties with notice of this judgment and its date of entry upon

the journal as required by Civ.R. 58(B).

{¶7} Writ denied.


EILEEN T. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
KENNETH A. ROCCO, J., CONCUR
KEYWORD SUMMARY: