105 F.3d 659
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James PELZER, Petitioner-Appellant,
v.
UNITED STATES, Respondent-Appellee.
 No. 96-1195.
 United States Court of Appeals, Sixth Circuit.
 Jan. 13, 1997.
 
 Before: ENGEL, MERRITT, and MOORE, Circuit Judges.
 OPINION
 MOORE, Circuit Judge.
 
 
 1
 Petitioner-appellant appeals from an order denying his motion to vacate sentence pursuant to 28 U.S.C. § 2255 wherein he claimed that his trial and appellate counsel rendered ineffective assistance of counsel. For the reasons that follow, we affirm.
 
 
 2
 * On May 21, 1990, a grand jury returned a twenty-count indictment charging fourteen defendants, including James Pelzer, with several drug trafficking and conspiracy offenses. Pelzer was charged with conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and § 846; possession with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1); and unlawful use of a communication facility (a telephone) in violation of 21 U.S.C. § 843(b). A jury convicted Pelzer on all three counts and he was sentenced to two concurrent terms of 169 months on the possession and conspiracy charges and a concurrent term of 48 months on the unlawful use charge. Pelzer's sentence was based on a total offense level of 34, calculated by including a 32-kilogram cocaine shipment delivered by co-conspirator Marvin Smith to a car wash establishment serving as the conspiracy's distribution center. No part of the 32 kilograms was designated for Pelzer, but the sentencing court found that the 32 kilograms were within the scope of the conspiracy and reasonably foreseeable. Pelzer appealed, asserting only insufficiency of the evidence, and a panel of this court affirmed his conviction in an unpublished opinion. United States v. White, 19 F.3d 20, 1994 WL 70855 (6th Cir.1994).
 
 
 3
 Pelzer filed a motion to vacate judgment pursuant to 28 U.S.C. § 2255 on July 10, 1995, claiming that his trial and appellate counsel rendered ineffective assistance of counsel. On December 7, 1995, the district court denied Pelzer's motion, and Pelzer appealed to this court.
 
 II
 
 4
 We review the denial of a § 2255 motion de novo while examining the factual findings for clear error. Gall v. United States, 21 F.3d 107, 109 (6th Cir.1994). To establish ineffective assistance of counsel, Pelzer must show that his counsel's representation fell below an objective standard of reasonableness and this deficient performance prejudiced the defense so as to render the proceedings unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 5
 * Pelzer first argues that his trial counsel was deficient for failing to review audiotapes of intercepted phone conversations in Pelzer's presence. According to Pelzer's affidavit, his counsel did review all the taped conversations and discuss them with him before trial. Pelzer provided an explanation--that the money Pelzer gave the supplier was a loan for gambling expenses--and his counsel presented that theory to the jury through argument and examination of other witnesses. We cannot say that the attorney's failure to listen to the tapes with his client was unreasonable. Even if we assume that counsel's conduct somehow fell short, Pelzer was not prejudiced because the theory was presented to, and rejected by, the jury.
 
 B
 
 6
 Pelzer next claims that his counsel was deficient by failing to call petitioner to the stand after he had advised counsel of his desire to testify. If Pelzer had testified, he alleges he would have explained the context of the intercepted phone conversations and attested to his good character. The constitutional right of a defendant to testify at trial is well established and subject only to a knowing and voluntary waiver by the defendant. Rock v. Arkansas, 483 U.S. 44, 49 (1987); United States v. Teague, 953 F.2d 1525, 1532-33 (11th Cir.), cert. denied, 506 U.S. 842 (1992). With regard to whether a defendant will take the stand, defense counsel's role is to advise; "it is ultimately for the defendant himself to decide." Teague, 953 F.2d at 1533.
 
 
 7
 Petitioner claims that prior to trial he expressed to counsel his willingness to testify and counsel advised that he would be taking the stand, yet at trial the defense rested after having called eight witnesses (five of whom were character witnesses) but not petitioner. During the proceedings Pelzer never objected to nor expressed dissatisfaction with not having testified. Petitioner here offers no more than a "bare, unsubstantiated, thoroughly self-serving" statement that he was prevented from taking the stand. See Underwood v. Clark, 939 F.2d 473, 476 (7th Cir.1991). The record is devoid of anything that would alert the trial court or a later reviewing court to a disagreement between Pelzer and his attorney regarding whether he should take the stand. See United States v. Systems Architects, Inc., 757 F.2d 373, 375-76 (1st Cir.), cert. denied, 474 U.S. 847 (1985). Pelzer personally wrote to the trial court on three occasions after the verdict and never mentioned problems with his attorney or his desire to testify. Despite allegedly feeling compelled to remain silent by his counsel, Pelzer nevertheless made no attempt to retain different counsel for appeal. Moreover, Pelzer first asserted the claim that he was prevented from testifying at trial nearly five years afterwards in his § 2255 motion.
 
 
 8
 As thoroughly developed by the district court's discussion of this issue, the evidence here demonstrates that Pelzer acquiesced in his counsel's decision to rest without calling him as a witness. Under the particular circumstances of this case, notably the delay in raising the claim, Pelzer's failure to express dissatisfaction anywhere on the record for not having testified, and the lack of substantiation, we conclude that Pelzer has failed to show that his counsel's conduct with regard to his decision to testify was constitutionally deficient. We also note that Pelzer has failed to show resulting prejudice. He would have testified about his character and the supposed gambling debt, about which other witnesses testified.
 
 C
 
 9
 Pelzer represents that his counsel advised him that he would appeal the conviction and sentence, but Pelzer's appeal raised no claims with respect to the sentence. Pelzer's final argument is that his counsel was deficient in failing to appeal his sentence.
 
 
 10
 To warrant his requested relief under § 2255, Pelzer must establish cause and actual prejudice that would excuse his failure to raise the sentencing issue on direct appeal. See United States v. Frady, 456 U.S. 152, 167-68 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). To satisfy this standard, petitioner must show not merely the possibility of prejudice, but "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Frady, 456 U.S. at 170. Ineffective assistance of counsel under the Strickland test constitutes cause. Murray v. Carrier, 477 U.S. 478, 488 (1986).
 
 
 11
 Tactical choices regarding issues to raise on appeal "are properly left to the sound professional judgment of counsel." United States v. Perry, 908 F.2d 56, 59 (6th Cir.), cert. denied, 498 U.S. 1002 (1990). When a defendant alleges that the failure to raise an issue on appeal amounted to ineffective assistance of counsel and upon review the omitted issue is found to be without merit, then counsel's failure to raise it does not constitute constitutionally ineffective assistance. United States v. Cook, 45 F.3d 388, 392-93 (10th Cir.1995).
 
 
 12
 The sentencing issue that Pelzer advances is without merit. Pelzer argues that the 32-kilogram cocaine shipment that the district court found to be a part of the conspiracy should not have been attributed to petitioner. A defendant may be held accountable for the conduct of others only if that conduct was reasonably foreseeable and committed in furtherance of the jointly undertaken criminal activity. See U.S.S.G. § 1B1.3, commentary, applic. note 2 (1989). For sentencing purposes, calculation of the amount of drugs involved in a crime must be supported by a preponderance of the evidence, and a reviewing court will accept a district court's finding regarding the quantity for which a defendant is to be held accountable unless clearly erroneous. United States v. Jenkins, 4 F.3d 1338, 1345-46 (6th Cir.1993), cert. denied, 114 S.Ct. 1547 (1994).
 
 
 13
 Here, the sentencing court found that the 32-kilogram shipment was "reasonably foreseeable" based on the number and contents of telephone calls between Pelzer and his co-conspirators. There was testimony that Pelzer knew about an impending large shipment, that he gave the supplier $5000, and that he discussed the shipment with co-conspirators. In light of this evidence, the district court could reasonably infer that the 32-kilogram shipment was foreseeable to Pelzer and within the scope of the conspiracy in which Pelzer participated. Thus, an appeal of this quantity calculation was unlikely to result in a reduced sentence for Pelzer. Because the appeal would have been unavailing, the failure to raise the issue on appeal did not constitute constitutionally deficient conduct; therefore, we need not resolve the prejudice components of Strickland or Frady.
 
 
 14
 Even where a petitioner fails to demonstrate cause and actual prejudice, relief is available under § 2255 if the case falls within a narrow class of cases permitting review in order to prevent a fundamental miscarriage of justice. See Murray, 477 U.S. at 496. Nonetheless, we are convinced that Pelzer received a fundamentally fair trial.
 
 III
 
 15
 For reasons that are well-stated in the district court's opinion and recounted above, we hold that Pelzer fails to establish that his counsel's representation was deficient. We therefore AFFIRM the order of the district court denying petitioner's § 2255 motion.