OPINION
{¶ 1} Defendant-appellant, Richard E. Kartman, appeals from a Belmont County Common Pleas Court judgment denying his motion for post-conviction relief.
 {¶ 2} A Belmont County grand jury indicted appellant on August 6, 2003, on one count of robbery, a second degree felony in violation of R.C. 2911.02(A)(2), and theft of a motor vehicle, a fourth degree felony in violation of R.C. 2913.02(A)(2). Appellant entered a not guilty plea.
 {¶ 3} The court appointed counsel to represent appellant and set his trial for September 30, 2003. Appellant's counsel withdrew because of a conflict of interest shortly before the scheduled trial date. The court then appointed appellant new counsel.
 {¶ 4} Appellant entered into a plea agreement whereby he changed his plea to no contest to attempted robbery, a third degree felony in violation of R.C. 2923.02(A) and R.C.2911.02(A)(2), and theft, as charged in the indictment. The court found appellant guilty and subsequently sentenced him to 12 months in prison for each offense, to be served concurrently.
 {¶ 5} Appellant filed a petition for post-conviction relief. The court held a hearing on the petition, but appellant was not present. On January 9, 2004, the court denied the petition. On March 8, 2004, appellant filed a notice of appeal from the court's judgment denying his post-conviction relief. This court allowed the appeal to continue because the record did not disclose when a copy of the January 9 order was mailed to appellant.
 {¶ 6} Appellant raises four assignments of error. The first three assignments of error will be addressed together since they are resolved on the same basis. Appellant's first assignment of error states:
 {¶ 7} "DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AND THIS DENIAL PREJUDICED HIS CASE."
 {¶ 8} Here appellant argues that his first counsel never engaged in any pretrial discovery and failed to request a suppression hearing he demanded. He also alleges that his first counsel knowingly entered into an attorney-client relationship with appellant's alleged victim, thus creating a conflict of interest. Thus, appellant contends that his first counsel's performance was ineffective. He contends that this ineffectiveness prejudiced his case because, since his counsel withdrew just days before the scheduled trial, appellant was forced to choose between waiving his right to consult with his new attorney or waiving his right to a speedy trial.
 {¶ 9} Appellant's second assignment of error states:
 {¶ 10} "DEFENDANT'S GUILTY PLEA WAS INVALID BECAUSE DEFENDANT DID NOT VOLUNTARILY, KNOWINGLY, AND INTELLIGENTLY WAIVE HIS CONSTITUTIONAL RIGHTS ASSOCIATED WITH TRIAL."
 {¶ 11} Appellant argues that he did not enter into his plea voluntarily, knowingly, and intelligently. He contends that because his first counsel withdrew from the case, he could not consult with his new attorney until one day before his trial. In essence, appellant asserts that he was forced into a situation where he had to choose between involuntarily waiving his right to consult with an attorney who could prepare a defense, or involuntarily waiving his right to a speedy trial. Appellant argues that since he was forced to choose between involuntarily waiving one of these constitutional rights, he did not enter into the plea agreement knowingly, voluntarily, and intelligently.
 {¶ 12} Appellant's third assignments of error states:
 {¶ 13} "DEFENDANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO HAVE ADEQUATE TIME TO CONSULT WITH COUNSEL."
 {¶ 14} Here appellant argues that he was denied his Sixth Amendment right to have adequate time to consult with his counsel.
 {¶ 15} Appellant failed to file a direct appeal from his conviction and sentence. The issues raised in each of these assignments of error should have been properly raised in a direct appeal. The Ohio Supreme Court has held:
 {¶ 16} "Under the doctrine of res judicata, constitutional issues cannot be considered in postconviction proceedings under R.C. 2953.21 et seq. where they have already been or could have
already been litigated by the convicted defendant, while represented by counsel, either before conviction or on direct appeal." (Emphasis added.) State v. Lott, 97 Ohio St.3d 303,779 N.E.2d 1011, 2002-Ohio-6625, at ¶ 19.
 {¶ 17} Res judicata bars a claim of ineffective assistance of trial counsel raised for the first time in a post-conviction petition when the claim could have been made on direct appeal without resort to evidence beyond the record. State v. Gegia,
11th Dist. No. 2003-P-0026, 2004-Ohio-1441, at ¶ 34, citingState v. Lentz (1994), 70 Ohio St.3d 527, 529, 639 N.E.2d 784. Additionally, in a post-conviction petition that asserts ineffective assistance of trial counsel, the petitioner bears the burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that he or she was prejudiced by counsel's ineffectiveness. Id., citing State v. Jackson (1980), 64 Ohio St.2d 107,413 N.E.2d 819, at the syllabus.
 {¶ 18} Since the failure to engage in any pretrial discovery, the failure to request a suppression hearing, and entering into a case with a conflict of interest all could have been raised on direct appeal without resorting to evidence beyond the record, the doctrine of res judicata bars this court from considering this claim of ineffective assistance of counsel.
 {¶ 19} Additionally, whether an appellant has entered his plea knowingly, voluntarily, and intelligently is an issue properly raised on direct appeal. State v. Burnside, 7th Dist. Nos. 01-CA-215, 01-CA-216, 2002-Ohio-5216, at ¶ 10. Such an alleged error is therefore not an appropriate issue for post-conviction relief. Id.
 {¶ 20} Likewise, appellant should have raised the issue of whether he had adequate time to consult with his counsel in a direct appeal, as it too was a constitutional issue that could have been determined without resorting to matters outside the record.
 {¶ 21} Accordingly, appellant's first, second, and third assignments of error are without merit.
 {¶ 22} Appellant's fourth assignment of error states:
 {¶ 23} "DEFENDANT WAS DENIED HIS FIFTH AMENDMENT DUE PROCESS RIGHT TO BE PRESENT AND REPRESENTED BY COUNSEL AT ALL CRITICAL STAGES OF A CASE."
 {¶ 24} In this assignment of error, appellant argues that he filed his post-conviction petition in an attempt to withdraw his plea. He contends that the court erred in not providing him the chance to attend the hearing on his motion to introduce new evidence.
 {¶ 25} A post-conviction proceeding is not an appeal of a criminal conviction but, is instead a collateral civil attack on the judgment. State v. Calhoun (1999), 86 Ohio St.3d 279, 281,714 N.E.2d 905. Accordingly, a petitioner receives no more rights than those granted by the statute. Id.
 {¶ 26} R.C. 2953.21 governs petitions for post-conviction relief. It provides, in pertinent part:
 {¶ 27} "(A) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief.
 {¶ 28} "* * *
 {¶ 29} "(E) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues * * *." R.C2953.21(A)(E).
 {¶ 30} The statute does not require the court to hold a hearing if it determines that the record and the petition do not show that the petitioner is entitled to relief.
 {¶ 31} In this case, although the court did hold a hearing, it was not required to do so under the statute. Because the issues appellant raised should have been raised on a direct appeal, he had no grounds for relief from his conviction. Therefore, the court was not even required to hold a hearing.
 {¶ 32} Accordingly, appellant's fourth assignment of error is without merit.
 {¶ 33} For the reasons stated above, the trial court's judgment is hereby affirmed.
Waite, J., DeGenaro, J., concurs.