[Cite as *State v. Hough*, 2021-Ohio-2852.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 21AP-39 |
| | | (C.P.C. No. 17CR-6061) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Richard M. Hough, | : | |
| Defendant-Appellant. | : | |

_____

D E C I S I O N

Rendered on August 19, 2021

_____

**On brief**: *G. Gary Tyack*, Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee.

**On brief**: *Richard M. Hough*, pro se.

_____

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} This is an appeal by defendant-appellant, Richard M. Hough, from a judgment of the Franklin County Court of Common Pleas denying his petition to vacate or set aside judgment of conviction or sentence.

{¶ 2} On November 7, 2017, appellant was indicted on two counts of aggravated vehicular homicide, in violation of R.C. 2903.06, three counts of aggravated vehicular assault, in violation of R.C. 2903.08, three counts of vehicular assault, in violation of R.C. 2903.08, one count of operating a vehicle under the influence of alcohol, a drug of abuse or a combination of them, in violation of R.C. 4511.19, and three counts of operating a vehicle while under the influence of a listed controlled substance or a listed metabolite of a controlled substance, in violation of R.C. 4511.19.

{¶ 3}   The matter came for trial before a jury beginning August 26, 2019.  The jury returned verdicts finding appellant guilty of two counts of aggravated vehicular homicide, three counts of aggravated vehicular assault, three counts of vehicular assault, and one count of operating a vehicle under the influence of a drug of abuse.  By judgment entry filed September 12, 2019, the trial court imposed a total sentence of 15 years' incarceration.

{¶ 4}   Appellant, through newly appointed counsel, appealed the trial court's judgment and raised three assignments of error in which he argued: (1) his convictions were not supported by sufficient evidence and were against the manifest weight of the evidence, (2) the trial court erred in failing to conduct a competency hearing, and (3) he was denied the right to effective assistance of counsel.  In *State v. Hough,* 10th Dist. No. 19AP-682, 2021-Ohio-2198, this court overruled all three assignments of error and affirmed the judgment of the trial court.

{¶ 5}   While his direct appeal with appointed counsel was still pending, appellant filed (on January 5, 2021) a pro se petition to vacate or set aside judgment of conviction or sentence in which he raised a speedy trial claim.  Plaintiff-appellee, State of Ohio, filed a memorandum contra the petition.  By decision and entry filed January 7, 2021, the trial court denied appellant's petition.

{¶ 6}   On appeal, appellant, pro se, sets forth the following two assignments of error for this court's review:

> I. The trial court committed prejudicial error in failing to issue findings of fact and conclusions of law on a timely petition for post-conviction relief.
>
> II. The trial court was divested of jurisdiction to hear case when the state failed to prosecute the case within meaning of the Sixth Amendment.

{¶ 7}   Appellant's assignments of error are interrelated and will be considered together.  Under his first assignment of error, appellant asserts the trial court erred in failing to issue findings of fact and conclusions of law in denying his petition.  Under the second assignment of error, appellant contends the trial court was divested of jurisdiction to hear the case because the state failed to prosecute him in a timely manner.

{¶ 8}   Under Ohio law, the "postconviction relief process is a collateral civil attack on a criminal judgment, not an appeal of the judgment."  *State v. Thompkins*, 10th Dist.

No. 07AP-74, 2007-Ohio-4315, ¶ 9.  Further, a petition for post-conviction relief " 'is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained' in the trial court record." *Id.*, quoting *State v. Murphy*, 10th Dist. No. 00AP-233 (Dec. 26, 2000).  If a trial court determines " 'there are no substantive grounds for relief, it may dismiss the petition without an evidentiary hearing.' "  *State v. Williams*, 3d Dist. No. 13-20-17, 2021-Ohio-1355, ¶ 12, quoting *State v. Jones*, 3d Dist. No. 4-07-02, 2007-Ohio-5624, ¶ 14.  This court reviews a trial court's decision to deny a post-conviction petition without a hearing "under the abuse of discretion standard."  *State v. Boddie*, 10th Dist. No. 12AP-811, 2013-Ohio-3925, ¶ 11, citing *State v. Campbell*, 10th Dist. No. 03AP-147, 2003-Ohio-6305, ¶ 14.

{¶ 9}  In denying the instant petition, the trial court noted appellant's case was on appeal at the time he filed the petition, and that his appellate counsel could have raised any speedy trial issues on direct appeal.  The trial court further observed that appellant "raised no such [speedy trial] issue before this Court prior to this Petition."  (Decision & Entry at 1.)  Finally, the court observed appellant "sought and obtained many continuances and in each of the continuances signed by [appellant] and his lawyer, he waived his rights to a speedy trial," and therefore "waived any such claimed rights."  (Decision & Entry at 1.)

{¶ 10} At the outset, we find the trial court did not err in denying the petition because the doctrine of res judicata barred appellant's claim.  Under that doctrine "a defendant cannot raise an issue in a postconviction petition if he or she *raised or could have raised* the issue at the trial that resulted in that judgment of conviction or on an appeal from that judgment." (Emphasis sic.)  *State v. Jackson*, 141 Ohio St.3d 171, 2014-Ohio-3707, ¶ 92, citing *State v. Szefcyk*, 77 Ohio St.3d 93, 96 (1996); *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.  *See also State v. McKnight,* 4th Dist. No. 07CA665, 2008-Ohio-2435, ¶ 19 ("postconviction relief is not warranted for claims that the petitioner raised or could have raised on direct appeal," and therefore res judicata "bars any claim that the petitioner raised or could have raised on direct appeal").

{¶ 11} As noted by the trial court, appellant could have raised a speedy trial issue in the direct appeal of his conviction but failed to do so.  *See State v. Palmer,* 7th Dist. No. 11 JE 17, 2012-Ohio-5255, ¶ 7 ("A criminal defendant may not use postconviction relief proceedings to raise a speedy trial issue that was not raised prior to trial and conviction, or

was not raised as part of the direct appeal of the conviction."); *Thompkins* at ¶ 23 (because appellant could have raised speedy trial issue on direct appeal, the doctrine of res judicata bars him from raising that issue in his petition for post-conviction relief).

{¶ 12} Appellant's claim that the trial court failed to make appropriate findings of fact and conclusions of law is not persuasive.  Here, the trial court's judgment denying the petition for post-conviction relief "provided sufficient reasoning and permitted meaningful review," as the basis for the court's denial was apparent.  *See Boddie* at ¶ 15-16 (trial court's entries "contained sufficient information to apprise him of the grounds for its judgments and to enable this court to properly determine his appeals, i.e., that his petitions were denied based on res judicata," and therefore appellant's argument that the trial court "was required to issue findings of fact and conclusions of law fails").  *See also State v. Rouse,* 5th Dist. No. CT2013-0043, 2014-Ohio-483, ¶ 22 ("while the trial court did not label a section of its judgment entry [denying petition for post-conviction relief] as 'findings of fact and conclusions of law,' the trial court's * * * judgment entry adequately addresses [the] Appellant's arguments and explains the trial court's reasons for denying his claims was res judicata").

{¶ 13} Appellant's contention (under his second assignment of error) that the trial court was divested of jurisdiction based on a purported speedy trial violation, and therefore "any proclamation by that court is void," is without merit.  (Appellant's Brief at 3.)  As previously discussed, any speedy trial claim is barred by the doctrine of res judicata because appellant could have raised such claim on direct appeal.  Nor, we note, would a purported speedy trial violation deprive the trial court of jurisdiction.  *See, e.g., State v. Butler*, 10th Dist. No. 87AP-240 (Apr. 26, 1988) (rejecting petitioner's claim in post-conviction petition that trial court lost jurisdiction over him by denying him the right to a speedy trial as "the statutory speedy-trial right conferred by R.C. 2945.71, *et seq.,* is not a jurisdictional matter but, rather, is one that is waived unless raised by motion prior to the commencement of the trial"); *State v. Roberson*, 5th Dist. No. 2002CA00156, 2002-Ohio-4272, ¶ 11 ("A speedy trial violation does not render a trial court without subject matter jurisdiction or render a judgment entered by the court void."); *State v. Helms*, 7th Dist. No. 14 MA 96, 2015-Ohio-1708, ¶ 16 ("speedy trial issues do not eliminate a criminal court's subject matter jurisdiction and do not result in void proceedings").

{¶ 14} Based on the foregoing, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

LUPER SCHUSTER and BEATTY BLUNT, JJ., concur.

_____