[Cite as *State v. Ross*, 2024-Ohio-6076.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

LAWRENCE EDWARD ROSS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 24 MA 0078

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 1996 CR 00192

**BEFORE:**
Cheryl L. Waite, Mark A. Hanni, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Gina DeGenova*, Mahoning County Prosecutor, and *Atty. Edward A. Czopur*, Assistant Prosecutor, for Plaintiff-Appellee

*Lawrence Edward Ross*, Pro se Defendant-Appellant

Dated: December 18, 2024

---

**WAITE, J.**

{¶1} Appellant Lawrence Edward Ross appeals the trial court's denial of a motion to correct an alleged void judgment. The motion that Appellant filed was, in effect, a petition for postconviction relief, and it was his eighth such petition in this case. The motion was untimely filed pursuant to R.C. 2953.21(A)(2)(a), and for this reason the trial court was required to dismiss it. The motion was also a successive motion for postconviction relief, which is not permitted under R.C. 2953.23(A) except under very limited circumstances that do not apply here. Finally, all the matters raised in the motion could have been raised in earlier proceedings and are res judicata. Appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.

<u>Facts and Procedural History</u>

{¶2} On February 5, 1996, Appellant broke into the home of Mark Brown and murdered him using an assault rifle. On November 22, 1996, Appellant was sentenced for one count of aggravated murder with a firearms specification (life imprisonment with the possibility of parole in thirty years, plus three years), one count of aggravated robbery with a firearms specification (not less than ten nor more than twenty-five years, plus three years), and one count of having a weapon while under a disability with a firearm specification (not less than three nor more than five years, plus three years), all to be served consecutively. Appellant filed a direct appeal, and the conviction and sentence were affirmed. See *State v. Ross*, 1999 WL 826223 (7th Dist. October 12, 1999). A complete history of Appellant's crimes, along with a description of the jury and bench trials, can be found in the 1999 *Ross* opinion.

{¶3} On February 7, 2001, Appellant filed his first petition for postconviction relief. It was denied by the trial court on March 15, 2001, because it was not filed within the time parameters set by the postconviction relief statute, R.C. 2953.21. No appeal was filed.

{¶4} On October 8, 2004, Appellant filed another petition for postconviction relief. It was dismissed on December 20, 2004, as being untimely filed. No appeal was filed.

{¶5} Between November 2010 and January 2011, Appellant filed a series of documents asking the trial court to vacate his conviction and the sentence. This included both a motion and a petition for resentencing, and a motion to dismiss due to alleged speedy trial violations. The trial court overruled all the motions, but also issued a nunc pro tunc sentencing judgment entry on February 4, 2011, in response to the holding in *State ex rel. DeWine v. Burge*, 2011-Ohio-235. Appellant appealed, and the trial court's judgments were affirmed on May 31, 2012. *State v. Ross*, 2012-Ohio-2433 (7th Dist.). We affirmed the trial court on various grounds, including res judicata in reference to Appellant's speedy trial argument.

{¶6} On August 26, 2013, Appellant filed a motion to vacate a void judgment. This was construed by the trial court as a petition for postconviction relief and was dismissed on December 5, 2013, as untimely and on grounds of res judicata. No appeal was filed.

{¶7} On August 29, 2016, Appellant filed another petition to set aside the judgment. This fourth petition for postconviction relief was denied on November 9, 2016. Appellant filed an appeal, and the trial court's decision was affirmed on December 14, 2017. *State v. Ross*, 2017-Ohio-9408 (7th Dist.).

Case No. 24 MA 0078

**{¶8}** On July 27, 2017, Appellant filed a motion to dismiss for failure to preserve exculpatory evidence. Several other related motions were filed in the next two months. The trial court overruled all of these motions on October 23, 2017. Appellant filed an appeal. On appeal, we determined that Appellant's filings were to be deemed petitions for postconviction relief. We affirmed the dismissal of the motions on June 28, 2018, on the grounds that they were untimely petitions for postconviction relief and on the basis of res judicata. *State v. Ross*, 2018-Ohio-2783 (7th Dist.).

**{¶9}** On June 29, 2019, Appellant filed a motion to correct a void sentence. The trial court overruled the motion on December 4, 2019. Appellant filed an appeal. We determined on June 23, 2021, that Appellant's motion was a petition for postconviction relief, and we affirmed the trial court's judgment for these reasons: the petition was untimely; successive petitions for postconviction relief are not permitted; and on the basis of res judicata. *State v. Ross*, 2021-Ohio-2362 (7th Dist.).

**{¶10}** On May 29, 2024, Appellant filed the motion that led to the instant appeal. The motion was captioned "Motion to Correct a Void Judgment." The trial court overruled the motion on August 8, 2024. The only reasoning set forth in the judgment entry was that Appellant's motion was moot. Appellant filed a pro se notice of appeal on August 29, 2024. Appellant filed a pro se brief on September 12, 2024. The state filed its response on September 16, 2024. Appellant filed a reply, and then an amended reply three days before this case was heard. There is no provision in the Rules of Appellate procedure for an amended reply brief, and at minimum Appellant should have requested leave for such a filing. As such, the amended reply is stricken from the record. Appellant raises three assignments of error on appeal, which will be treated together.

<u>ASSIGNMENT OF ERROR NO. 1</u>

WHETHER THE TRIAL COURT ERRED IN DENYING THE MOTION TO CORRECT A VOID JUDGMENT WITHOUT A HEARING WHERE DEFENDANT PRESENTED EVIDENCE THAT IT LACKED PERSONAL JURISDICTION AS IT RELATES TO THE TRIAL COURT'S FAILURE TO RE-INDICT, RE-ARRAIGN, AND ALLOW THE DEFENDANT THE OPPORTUNITY TO PLEAD TO THE NEW CHARGES?

<u>ASSIGNMENT OF ERROR NO. 2</u>

WHETHER THE DENIAL OF COUNSEL AT A CRITICAL STAGE OF THE PROCEEDINGS (I.E., PRETRIAL) WOULD RENDER THE JUDGMENT VOID?

<u>ASSIGNMENT OF ERROR NO. 3</u>

WHETHER THE PROSECUTING ATTORNEY HAD THE POWER TO DRAFT AND DETERMINE THAT A "WAIVER OF SPEEDY TRIAL RIGHTS" WAS KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY MADE?

{¶11} Appellant filed a motion to vacate his conviction and sentence on grounds that it was a void judgment. He claimed errors relating to the failure of the prosecutor to file a superseding indictment, lack of personal and subject matter jurisdiction, violation of his right to counsel at the preliminary hearing stage of the proceedings, and violation of

his right to a speedy trial. The trial court overruled the motion but did not state the grounds on which it was overruled, other than mootness.

**{¶12}** Appellee argues that Appellant's motion was in essence, a successive petition for postconviction relief, and that Appellant has filed at least seven such motions previously, all of which were denied. Appellee argues that Appellant filed essentially the same motion on October 30, 2019, that the motion was denied, and that the decision to overrule the motion was upheld on appeal in *State v. Ross*, 2021-Ohio-2362 (7th Dist.).

**{¶13}** Appellee urges us to overrule Appellant's assignments of error using the same reasoning we applied in our prior appeal: that Appellant's motion was an untimely successive petition for postconviction relief, is jurisdictionally barred, and was properly dismissed on grounds of res judicata.

**{¶14}** A criminal defendant who seeks to correct their conviction or sentence, subsequent to their direct appeal, on the basis that his or her constitutional rights have been violated, can file a petition for postconviction relief as defined in R.C. 2953.21. Post-sentence motions that seek to vacate or correct a sentence on constitutional grounds will be treated as petitions for postconviction relief. *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997). "In Ohio, motions to correct a void sentence are construed as petitions for postconviction relief under R.C. 2953.21(A)(1) where the motion: (1) is filed subsequent to a direct appeal, (2) claims a denial of constitutional rights, (3) seeks to render the judgment void, and (4) asks for a vacation of the judgment and sentence." *State v. Ross*, 2021-Ohio-2362, ¶ 18.

**{¶15}** "[A] trial court's decision regarding a postconviction petition filed pursuant to R.C. 2953.21 will be upheld absent an abuse of discretion when the trial court's finding

is supported by competent and credible evidence." *State v. Gondor*, 2006-Ohio-6679, ¶ 60. "Abuse of discretion means an error in judgment involving a decision that is unreasonable based upon the record; that the appellate court merely may have reached a different result is not enough." *State v. Dixon*, 2013-Ohio-2951, ¶ 21 (7th Dist.).

**{¶16}** While Appellant's current filing under review was not captioned as a petition for postconviction relief, that is irrelevant. "It is well-established that the title or caption of a motion does not control, but the content of the motion determines how the court should treat it." *State v. Simpson*, 2020-Ohio-6840, fn. 2 (10th Dist.). "Courts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 2008-Ohio-545, ¶ 12.

**{¶17}** Appellant contends that his May 29, 2024 motion to vacate should not be construed as a petition for postconviction relief because in the motion he did not assert the violation of a constitutional right. Appellant is incorrect. Appellant argued in the motion that the trial court did not have personal or subject matter jurisdiction over him, that his speedy trial rights were violated, and that he was not fully afforded his right to counsel. All of these matters are, to one degree or another, constitutional issues. *See State v. Henderson*, 2020-Ohio-4784 (subject matter jurisdiction and personal jurisdiction are constitutional issues); *State v. Adams*, 2015-Ohio-3954 (speedy trial rights are found in the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution); *State v. Milligan*, 40 Ohio St.3d 341 (1988) (the right to effective assistance of counsel is found in Section 10, Article I of the Ohio Constitution and the Sixth Amendment to the United States Constitution). Therefore, Appellee is correct that Appellant's motion can only be characterized as a petition for postconviction relief.

**{¶18}** A petition for postconviction relief must be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction.  R.C. 2953.21(A)(2)(a).  Appellant's direct appeal occurred in 1996.  Hence, his 2024 motion to vacate is 27 years too late.

**{¶19}** A petitioner can overcome the bar if he shows that he was "unavoidably prevented" from discovering the facts on which his claim relies and that, but for constitutional error at trial, he would not have been convicted.  *State v. Johnson*, 2024-Ohio-134, ¶ 1.  Appellant has not alleged that he was unavoidably prevented from discovering the facts upon which his motion was predicated.

**{¶20}** Further, R.C. 2953.23(A) states:  "[A] court may not entertain . . . a second petition or successive petitions for similar relief on behalf of a petitioner[.]"  The only exception to the prohibition against successive petitions occurs when:  (1) the petitioner shows he was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief; or (2), the United States Supreme Court has recognized a new federal or state right that applies retroactively.  R.C. 2953.23(A)(1).  Once again, Appellant has neither alleged, nor shown, the facts necessary for accepting a successive petition for postconviction relief.

**{¶21}** This is at least Appellant's eighth petition seeking postconviction relief.  All of his previous petitions and motions have been denied, and some of them were not appealed by Appellant.  A litigant is barred from raising issues in subsequent postconviction filings when the issues could have been raised in a direct appeal and the appeal was not filed.  *State v. Kartman*, 2005-Ohio-6441, ¶ 16 (7th Dist.).  Appellant's motion is similar to the motions and petitions for postconviction relief he filed in 2001,

2004, 2011, 2013, 2016, and 2019. Appellee submits that the current motion to vacate was also properly denied on grounds of res judicata, because the issues were already raised or could have been raised in the direct appeal of his conviction, or in the prior petitions, or in the appeals of those petitions.

**{¶22}** The doctrine of res judicata applies to postconviction relief proceedings. *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph eight of the syllabus. Res judicata bars an individual from raising a defense or claiming a lack of due process that was, or could have been, raised at trial or on direct appeal. *State v. Ishmail*, 67 Ohio St.2d 16, 18 (1981); *State v. Croom*, 2014-Ohio-5635, ¶ 7 (7th Dist.).

**{¶23}** All of the issues raised in Appellant's motion could have been raised in his direct appeal or in one or more of the many previous petitions for postconviction relief. "The doctrine of res judicata precludes a defendant from raising, in a petition for postconviction relief, an ineffective assistance of counsel claim as well as any other claims that could have been raised on direct appeal." *State v. Burgess*, 2004-Ohio-4395, ¶ 11 (11th Dist.), citing *State v. Jenkins*, 42 Ohio App.3d 97, 100 (1987). Speedy trial issues could have been raised in the direct appeal and were raised in Appellant's 2011 postconviction filings. *State v. Ross*, 2012-Ohio-2433, ¶ 4 (7th Dist.). Effective assistance of counsel matters were also raised in the 2011 filings. *Id.* at ¶ 11.

**{¶24}** Appellant's personal jurisdiction argument is nothing more than a reframing of a speedy trial argument. He alleges that he was not brought to trial within 270 days as required by R.C. 2945.71, and due to that lapse the prosecutor was required to obtain a new indictment. Appellant argues that without a new indictment, the trial court had no jurisdiction over him. Therefore, his argument is that a speedy trial error caused the

personal jurisdiction error. Once again, speedy trial errors must be argued in the direct appeal or else they are waived. *State v. Goldwire*, 2005-Ohio-5784, ¶ 22 (2d Dist.). Regardless, a speedy trial violation does not deprive a court of jurisdiction over a criminal defendant. *State v. Hough*, 2021-Ohio-2852, ¶ 13 (10th Dist.).

**{¶25}** As already mentioned, Appellant's arguments regarding a defective indictment are intertwined with his speedy trial argument. Errors alleging defects in the indictment must be raised on direct appeal. *State v. Lambert*, 2017-Ohio-4310, ¶ 15 (4th Dist.). "Because appellant failed to raise the defective indictment issue on direct appeal, he is barred by res judicata from raising trial counsel's failure to challenge the defective indictment now." *State v. Coleman*, 2023-Ohio-4354, ¶ 20 (12th Dist.). These errors must actually be raised with the trial court. Crim.R. 12(C)(2).

**{¶26}** It should be noted that the trial court overruled Appellant's motion to correct a void judgment because the motion was moot. It is not clear what the trial court meant by this, but it is also apparent that there are at least three reasons why the motion must be overruled: untimely filing of the motion; prohibition against successive petitions for postconviction relief; and res judicata. Appellate courts may affirm a trial court's judgment for reasons that differ from those used by the trial court. *State v. Barnette*, 2024-Ohio-1172, ¶ 72 (7th Dist.).

**{¶27}** Based on all of the reasons discussed herein, Appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.

<u>Conclusion</u>

**{¶28}** Appellant filed a motion to correct a void judgment, which we construe as a petition for postconviction relief. Appellant argues there were speedy trial errors, errors

regarding a defective indictment, that he was deprived of effective assistance of counsel, and that the trial court did not have personal jurisdiction over him. The trial court properly dismissed the motion. The motion was filed outside the time limits of R.C. 2953.21(A)(2)(a). It was also an impermissible successive petition for postconviction relief. Finally, all of the issues raised by Appellant in his motion are barred by res judicata. Appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.

Hanni, J. concurs.

Dickey, J. concurs.

Case No. 24 MA 0078

_____

For the reasons stated in the Opinion rendered herein, Appellant's assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**